# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 27, 2022

Lyle W. Cayce
Clerk

No. 21-60267
Summary Calendar

Katherine Fabiola Rodas-Ayala; Emily Xiomarra Rodas-Ayala,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 830 165
Agency No. A209 830 166

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Katherine Fabiola Rodas-Ayala, and the minor Emily Xiomarra Rodas-Ayala (Emily), are natives and citizens of Honduras. Rodas-Ayala, along with Emily, a rider on her mother's asylum application, have petitioned

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

for review of a decision of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge (IJ) concluding that they were ineligible for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review the BIA's decision and will consider the IJ's decision only to the extent it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

In her asylum application, Rodas-Ayala sought asylum and withholding of removal based on her persecution on account of membership in two particular social groups (PSGs): (1) "Honduran women viewed as property," and (2) "Honduran women who defy the authority of gangs." Despite arguments to the contrary, the BIA did not err in determining that these proposed PSGs are not cognizable. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019); *Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012). Although the Attorney General asserts that, given recent developments in caselaw, a remand is needed so that the agency may determine whether the first of the above PSGs is cognizable, our precedent indicates that a remand is not appropriate under the circumstances. *See Jaco v. Garland*, 24 F.4th 395, 405-07 (5th Cir. 2021).

Because the above determinations are dispositive of the claims for asylum and withholding of removal, there is no need to consider the remaining arguments concerning these forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). We note, however, that to the extent Rodas-Ayala and Emily raise a claim based on an asserted "pattern or practice" of persecution "of persons similarly situated" to them on account of a protected ground, *see* 8 C.F.R. § 208.13(b)(2)(iii), the issue is unexhausted, and we lack jurisdiction to consider it. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

No. 21-60267

Finally, with respect to the claim for protection under the CAT, even if Rodas-Ayala and Emily have identified evidence in support of the claim, they have not shown that the evidence compels a conclusion contrary to that of the BIA on the issue whether it is more likely than not they would be tortured with government acquiescence if returned to Honduras. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

The petition for review is DENIED IN PART AND DISMISSED IN PART.